Mr. Justice Clayton
delivered the opinion of the court.
This was an action of assumpsit upon a promissory note for three hundred dollars, to which the general issue was pleaded.
The evidence was, that the note was given for the purchase of a negro; that the negro was an idiot and of no value. There was a bill of sale containing a warranty of title, but none of soundness. The proof, after it had been introduced, was, upon motion of the plaintiff, excluded from the jury by the court. Judgment was thereupon rendered in favor of the plaintiff, and the case thence comes to this court.
The doctrine in regard to implied warranty was very fully stated, in the case of Otis v. Alderson, 10 S. & M. 476, and from the principles there laid down, it is manifest there was no warranty in this case.
But fraud may constitute a valid defence to an action of this nature, and fraud may be given in evidence under the plea of non-assumpsit. 2 Saund. Pl. & Ev. 527. It is more regular to plead the fraud specially, or to give notice of the intended de-fence, but no objection appears to have been made to the introduction of the testimony upon that ground.
The testimony which the court ruled out was pertinent to establish the fact of fraud. Whether it amounted to sufficient proof of the fact, was entirely a question for the jury, and the court ought not to have excluded it-from their consideration.
Knowledge of the defect or infirmity in the slave, and concealment of it, were necessary to constitute fraud. The point whether the defect were open to the observation of the purchaser, might also be important. 2 Kent, 481. The testimony may not be sufficient to make out the facts, from which the fraud would be inferred, but that was a matter exclusively for the determination of the jury, under a proper charge from the court.
For this cause the judgment will be reversed, and a new trial granted.